# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**COLUMBUS CHRIS WILLIAMS**                              CIVIL ACTION

**VERSUS**                                               NO. 04-1194

**STATE OF LOUISIANA, ET AL.**                           SECTION: "B"(3)

## ORDER

    Plaintiff, Columbus Chris Williams, a pretrial detainee at the Terrebonne Parish Criminal Justice Complex,[1] filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Terrebonne Parish Consolidated Government, the Terrebonne Parish Sheriff's Office, Judge John Walker, District Attorney Joseph Waitz, Jr., Assistant District Attorney Patricia Reeves, Deputy Sheriff Wilton Leon, William Dodd, Jimmy Spears, Judge Edward Gaidry, and an unidentified deputy. Because of plaintiff's long history of frivolous litigation in this Court, he was denied permission to proceed as a pauper in this action.[2] However, he subsequently paid the filing fee in this and nine other lawsuits.

---

[1] Although plaintiff has previously been convicted on various criminal charges, he alleges that he is currently incarcerated only as a pretrial detainee. For the purposes of this decision, the Court will assume that allegation to be true.

[2] Rec. Doc. 1.

On March 17, 2005, a <u>Spears</u> hearing was held to allow plaintiff a meaningful opportunity to advise the court of the nature and factual basis of his claims in this lawsuit, as well as to explain his intentions with respect to his pending motions. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[3] At that hearing, plaintiff was sworn and his testimony was recorded.[4]

In this lawsuit plaintiff is alleging that he was falsely arrested for and convicted of obscenity within a penal institution in case number 376,584 on the docket of the Louisiana Thirty-Second Judicial District Court. At the <u>Spears</u> hearing, plaintiff testified that the Governor had pardoned him with respect to that conviction.

During the course of this litigation, plaintiff has filed numerous motions. This order addresses several of his pending motions.

(1) "Motion and Order Requesting for Production of Documents," Rec. Doc. 35

In this motion, which plaintiff simultaneously filed in this and nine other of his federal lawsuits, he requested that the Court order the defendants and others to produce numerous documents allegedly relating to his various lawsuits. That motion is **DENIED**. To the extent that plaintiff is seeking to conduct discovery, he must do so in accordance with the Federal Rules of Civil Procedure.

---

[3] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

[4] The Clerk of Court's Court Reporting Unit was directed to take possession of the tape of that conference.

### (2) "Motion and Order to Add Defendant and Reasons Why," Rec. Doc. 39

In this motion, plaintiff requested that he be allowed to amend his complaint to add Sgt. Mitch Dupre as a defendant. However, at the <u>Spears</u> hearing held on March 17, 2005, plaintiff testified that he mistakenly filed the motion in this lawsuit, that he meant to file the motion in another of his many civil actions, that the claims against Dupre do not relate to the claims in this lawsuit, and that he does not wish to add Dupre as a defendant in this action. Accordingly, that motion is considered to be **WITHDRAWN** by plaintiff and no further action with respect to the motion is required by this Court.

### (3) "Motion and Order to Dismiss Certain Defendants to Save the Court(s) Time," Rec. Doc. 40

In this motion, plaintiff listed various changes he wanted made in ten of his pending lawsuits. The Court need address only the one proposed change relevant to this lawsuit, i.e. plaintiff's request to dismiss the Terrebonne Parish Consolidated Government as a defendant in all of his pending cases except in Civil Action No. 04-1172 "N"(2). However, at the <u>Spears</u> hearing held on March 17, 2005, plaintiff stated that he erroneously asked to dismiss that defendant and that he wanted to proceed with his claim against the Terrebonne Parish Consolidated Government. Accordingly, that motion is considered to be **WITHDRAWN** by plaintiff and no further action with respect to the motion is required by this Court.

### (4) "Motion and Order to Dismiss and Cancel," Rec. Doc. 42

In this motion, plaintiff requested that his complaint be amended to clarify that he is not asserting official-capacity claims against any of the defendants named herein; rather, he is suing the

named defendants only in their individual capacities. That motion is **GRANTED**, and the complaint is deemed to be so amended.

### (5) "Motion and Order to Dismiss and Cancel," Rec. Doc. 44

In this motion, plaintiff stated that he wishes to dismiss his claims against District Attorney Joseph Waitz, Jr. Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs ...." Fed.R.Civ.P. 41(a)(1)(i). When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. Carter v. United States, 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The United States Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(i) "means what it says." Id. at 259. "As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an *absolute right* to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Id. (emphasis added). When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976).

The Court hereby construes plaintiff's motion as a notice of dismissal of his claim against Waitz. Because no answer or motion for summary judgment has been filed in this case, plaintiff has an absolute right to dismiss his claim against Waitz. Accordingly, plaintiff's notice of dismissal is effective and the claim against Waitz is **DISMISSED WITHOUT PREJUDICE** without further

order of this Court.

(6) "Motion to Clear Just Who or Which Defendants Has Been Cancel and Dismissed,"

Rec. Doc. 48

In this motion, plaintiff listed various changes he wanted to make in ten of his pending lawsuits. This Court need only consider the requested changes relevant to this civil action.

In the motion, plaintiff stated: "T.P.S.O. to be replace by Sheriff Jerry Larpenter, Individually, Personally, & Sep[a]rately." To the extent that the statement could perhaps be construed as a motion to dismiss the Terrebonne Parish Sheriff's Office as a defendant, plaintiff made clear in later filings, i.e. Rec. Docs. 63 and 64, that he does not wish to dismiss that defendant. Accordingly, any request to dismiss that defendant is considered **WITHDRAWN**. To the extent that the statement could perhaps be construed as a motion to amend the complaint to add Larpenter as a defendant, that motion is **DENIED**. If plaintiff wishes to file a motion to amend the complaint to add Larpenter as a defendant, he should do so in proper form and include a statement of the claim against that proposed defendant.[5]

In the motion, plaintiff also indicated that he wishes to dismiss his claim against the Terrebonne Parish Consolidated Government. However, as noted previously in this opinion, plaintiff stated at the Spears hearing that he erroneously asked to dismiss that defendant and that he wanted

---

[5] However, plaintiff is warned that he should not file further frivolous motions in this case. He indicated at the Spears hearing that Larpenter did not personally take any actions against him. Without such personal involvement, there would be no basis for an individual-capacity claim against Larpenter. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Accordingly, any motion to assert such a claim against Larpenter would be frivolous.

to proceed with his claim against that defendant. Accordingly, that request to dismiss the Terrebonne Parish Consolidated Government is considered to be **WITHDRAWN** by plaintiff and no further action with respect to the request is required by this Court.

In the motion, plaintiff further stated: "State of La. to be replace by Governor Kathleen B. Blanco, Individually, Personally, & Sep[a]rately." To the extent that the statement could perhaps be construed as a motion to dismiss the State of Louisiana as a defendant, plaintiff made clear in later filings, i.e. Rec. Docs. 63 and 64, that he does not wish to dismiss that defendant. Accordingly, any request to dismiss that defendant is considered **WITHDRAWN**. To the extent that the statement could perhaps be construed as a motion to amend the complaint to add Governor Blanco as a defendant, that motion is **DENIED**. If plaintiff wishes to file a motion to amend the complaint to add the governor as a defendant, he should do so in proper form and include a statement of the claim against her.[6]

In the motion, plaintiff again indicated that he wishes to dismiss the claim against District Attorney Joseph Waitz, Jr. That request duplicates the one made in and previously granted with respect to Rec. Doc. 44. Accordingly, the repetitive request is **DENIED AS MOOT**.

In the motion, plaintiff also stated that he is suing the judges named as defendants "for actions taken in their judicial capacities but not in the clear cases of Absence of Jurisdiction in speech, words, action, statements and non actions." To the extent that plaintiff's request is to be

---

[6] Again, however, plaintiff is warned that he should not file further frivolous motions in this case. He indicated at the Spears hearing that Governor Blanco did not personally take any actions against him. As previously noted, without such personal involvement, there would be no basis for an individual-capacity claim. Accordingly, any motion to assert a such a claim against the governor would be frivolous.

construed as a motion to amend the complaint to make that clarification, the request is **GRANTED** and the complaint is deemed to be so amended.

Lastly, plaintiff also stated in the motion that he is suing the assistant district attorney "as an Assistant D.A. but not acting outside of their responsibility as an Assistant D.A. Such as Investigative Work or words and actions outside the courtrooms." To the extent that plaintiff's request is to be construed as a motion to amend the complaint to make that clarification, the request is **GRANTED** and the complaint is deemed to be so amended.

(7) "Motion for Mercy of the Court and In the Best Interest of Justice/Motion to Amend Order," Rec. Doc. 63, and "Motion for Reargument/Reconsideration," Rec. Doc. 64[7]

In these motions, plaintiff stated that his previous motions to dismiss the Terrebonne Parish Sheriff's Office and the State of Louisiana as defendants were filed in error and he essentially asked that he be allowed to withdraw those motions and retain those defendants. To the extent that is what plaintiff is indeed seeking in the instant motions, the motions are **GRANTED**.

Houma, Louisiana, this thirtieth day of September, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[7] These motions were simultaneously filed in three of plaintiff's lawsuits. In this order, the Court is addressing the motions only as they pertain to this civil action.